

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ʰ floor*                    *973-645-2700*
*Newark, New Jersey 07102*

BC/PL AGR

July 28, 2025

RECEIVED

DEC 1 0 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Mr. Christopher Kise, Esq.
Continental PLLC
101 North Monroe St., Suite 750
Tallahassee, Florida 32301

Mr. Christopher Porrino, Esq.
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020          Criminal Number: 25-700-01 (MAS)

Re:  **Plea Agreement with Brian R. Kahn**

Dear Sirs:

This letter sets forth the plea agreement between your client, Brian R. Kahn ("Khan"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 29, 2025, if it is not accepted in writing by that date. If Kahn does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Kahn to a one-count Information charging him with conspiracy to commit securities fraud, contrary to Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and in violation of Title 18, United States Code, Section 371. If Kahn enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all terms of this agreement, this Office will not initiate any further criminal charges against Kahn for the conspiracy to

defraud victims who invested in funds managed by Prophecy Asset Management LP detailed in the Information.

If a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may initiate any charges against Kahn even if the applicable statute of limitations period for those charges expires after Kahn signs this agreement, and Kahn agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 charged in the Information carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine up to $250,000. Fines imposed by the sentencing judge on these charges may be subject to the payment of interest.

The sentence to be imposed upon Kahn is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Kahn ultimately will receive.

Further, in addition to imposing any other penalty on Kahn, the sentencing judge as part of the sentence:

(1)     will order Kahn to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Kahn to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*;

(3)     may order Kahn, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and,

(5)     pursuant to 18 U.S.C. § 3583, may require Kahn to serve a term of supervised release of not more than three years, which will begin at the

expiration of any term of imprisonment imposed. Should Kahn be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Kahn may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A and/or Victim and Witness Protection Act, 18 U.S.C. § 3663, Kahn agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense, the exact amount of which will be determined at sentencing, to fully compensate the victims for the losses sustained as a result of the offense.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Kahn agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds Kahn obtained that are traceable to the offense charged in the Information, the exact amount of which will be determined at sentencing. Kahn further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Kahn (the "Money Judgment"). Kahn consents to the entry of an order requiring him to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Kahn prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the *United States Marshals Serv*ice, indicating Kahn's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Kahn further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed

with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Kahn waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Kahn understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Kahn waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Kahn's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Kahn further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Kahn fails to provide a complete and accurate Financial Disclosure Statement by or immediately after the date he enters his plea of guilty, or if this Office determines that Kahn has intentionally failed to disclose assets on his Financial Disclosure Statement, Kahn agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Kahn by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Kahn's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Kahn will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties

understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Kahn waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Kahn understands that, if he is not a citizen of the United States, Kahn's guilty plea to the charged offenses will likely result in Kahn being subject to immigration proceedings and removed from the United States by making Kahn deportable, excludable, or inadmissible, or ending Kahn's naturalization. Kahn understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Kahn wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Kahn's s removal from the United States. Kahn understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Kahn waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Kahn also agrees not to seek to withdraw his guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

- 5 -

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kahn. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Kahn from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Kahn and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

<div style="margin-left: 40%;">

Very truly yours,

ALINA HABBA
Acting United States Attorney


*/s/ Blake Coppotelli*
By: Blake Coppotelli
Assistant U.S. Attorney

</div>

APPROVED:

_____
Lauren E. Repole
Deputy Chief, Criminal Division

I have received this letter from my attorneys, Christopher Kise, Esq., and Christopher Porrino, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waivers, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsels' explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:    7/28/25
Brian R. Kahn


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waivers, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:    29 July 2025
Christopher Kise, Esq.
Counsel for Brian R. Kahn


_____          Date:    July 29, 2025
Christopher Porrino, Esq.
Counsel for Brian R. Kahn

- 7 -

## Plea Agreement with Brian R. Kahn ("Kahn")

## Schedule A

1.    This Office and Kahn recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Kahn nevertheless agree to the stipulations set forth herein and agree that the Court should sentence Kahn within the Guidelines range that results from the total Guidelines offense level set forth below.

2.    The version of the United States Sentencing Guidelines effective November 1, 2024, applies in this case.

### Chapter Two

3.    The applicable Guideline for a conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 is U.S.S.G. § 2X1.1. The Base Offense Level is the same as that from the Guideline for the substantive offense. § 2X1.1(a). The Guideline for the substantive offense is § 2B1.1, and the Base Offense Level is 7.  *See* § 2B1.1(a)(1).

4.    Specific Offense Characteristic under § 2B1.1(b)(1)(N) applies, as the actual loss involved in the offense exceeded $150,000,000 but was less than $250,000,000.  This Specific Offense Characteristic results in an increase of 26 levels.

### Chapter Three

5.    As of the date of this letter, Kahn has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kahn's acceptance of responsibility continues through the date of sentencing.  U.S.S.G. § 3E1.1(a).

6.    As of the date of this letter, Kahn has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Kahn enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Kahn's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Kahn will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

- 8 -

7.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Kahn is 30 (the "agreed total offense level").

## Chapter Four

8.    If Kahn establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his total offense level, as determined at sentencing.

## Additional Stipulations

9.    The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein. However, the parties further agree that each party may seek a variance from the Guidelines range, and the other party may oppose that variance.

10.    If the term of imprisonment does not exceed 60 months, and except as specified in the next paragraph below, Kahn will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 60 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

- 9 -

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).